IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

U.S. BANK TRUST NAT'L ASSOC

v.                                                                   CIVIL NO. L-99-753

VENICE MD LLC, et al.

## MEMORANDUM

There is one open issue in this case: Metropolitan's claim for an award of $13,500 in costs as the prevailing party in this case.[1] The Court regrets having overlooked this issue, which the instant opinion resolves. In a separate Order of even date, the Court will: (i) AWARD $9,000 to Plaintiff, Metropolitan Bank, and (ii) DIRECT the Clerk to CLOSE this case.

The rationale behind this result is as follows. Had the Landlord not attempted to terminate the Bank's right of redemption, there would have been no lawsuit in the first place. The Landlord appreciated that the Bank, once it blinked itself awake, would not simply walk away from a five million dollar loan. The Landlord's attorneys predicted that the Bank would make the cure payment and file suit, and that the Landlord's chances of winning that suit were 50-50.

Over the Bank's protest, the Landlord took control of the Venice Inn and operated it for six months. On the eve of an October 1999 court hearing, the parties reached a partial settlement. The Landlord relinquished the Venice Inn to the Bank and restored the leasehold estate. The Landlord, however, also demanded that the Bank pay the rent that had accrued during the six months period. The Bank acquiesced, albeit under a strong protest.

---

[1] Pending briefing on the costs issue, the Court stayed the deadline for filing a bill of costs. In its brief, Metropolitan estimated its costs to be $13,500.00. The Court deems Metropolitan to have filed a bill of costs for $13,500.00

Thereafter, the litigation continued, but the stakes had changed. As the Court understands the October 1999 settlement, the Landlord was no longer seeking affirmatively to cut-off the Bank's right of redemption and regain control of the Venice Inn. The right-of-redemption issue, however, remained in play because the wrongfulness of the Landlord's take-over of the hotel in March 1999 was a necessary element of the Bank's other causes of action. After October 1999, the Landlord defended the legality of its take-over of the Venice Inn for the limited purpose of defending against the Bank's remaining claims and not to regain control of the hotel.

Two of the Bank's causes of action were straightforward: the Bank wanted to recover the six months' rent that it had paid under protest. The Bank also sought to recover damages for the Landlords' trespass/conversion (for six months) of the personal property in the hotel. At trial, Metropolitan prevailed on both of these issues and recovered a judgment of $387,500.

The Bank also pressed a number of claims that it candidly recognizes were on the esoteric side: equitable subrogation, recharacterization, and conversion of gross revenues. In the spirit that turn-about is fair play, the Bank was attempting to strip away the Landlord's ownership interest in the Venice Inn by recharacterizing it as debt subordinate to the Bank's security interest. These claims failed at trial.

The Bank contends that it was the prevailing party; its suit validated its right of redemption, secured the return of the rent it had paid in protest, and defeated the Landlord's claim for expenses ($70,000) and attorneys' fees. The Landlord recognizes the merits of this argument up to a point: October 1999. After that time, the Bank was pursuing its own, ultimately unsuccessful "home run" strategy. Had the Bank not pursued its esoteric claims, the case would have been settled years ago, the Landlord argues.

2

In the Court's opinion, the Bank is entitled a full award of costs up to October 1999. After that point, the suit was more of a free-for-all. The Bank was pursuing claims that it won and claims that it lost. Accordingly, the Court will apportion the costs, awarding the Bank $9,000 of the total claimed.

Dated this 21st day of June, 2005.

/s/ Benson Legg
Benson E. Legg
Chief Judge